UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL A. WESCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 24-cv-00497-VKD<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; STAYING ORDER OF SERVICE; AND SCREENING COMPLAINT UNDER 28 U.S.C. § 1915**<br><br>Re: Dkt. Nos. 2, 5 |

On January 26, 2024, Carl A. Wescott, proceeding pro se, filed a complaint against Google for negligence, and seeking damages, declaratory relief, and injunctive relief. Dkt. No. 1. Mr. Wescott also filed an application for leave to proceed in forma pauperis ("IFP"). Dkt. No. 2. The Court has consolidated the present action with Mr. Wescott's earlier-filed lawsuit, Case No. 5:23-cv-06178-VKD *Wescott v. Google, Inc. See* Dkt. No. 6.

For the reasons discussed below, the Court provisionally grants Mr. Wescott's IFP application, but finds that his complaint fails to state a claim for relief. Accordingly, the Court stays service of process and grants Mr. Wescott leave to amend. If he chooses to amend his complaint, Mr. Wescott's amended pleading should be titled "Second Amended Complaint" and should be filed in the lead case, Case No. 5:23-cv-06178-VKD *Wescott v. Google, Inc.*

**I.    IFP APPLICATION**

A court may authorize the commencement of a civil action IFP if the court is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action. 28 U.S.C § 1915(a)(1). In evaluating an IFP application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to

1  dismiss the complaint on the grounds that it is frivolous." *Franklin v. Murphy*, 745 F.2d 1221,
2  1226-27 n.5 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319
3  (1989). A court may dismiss a case filed without the payment of the filing fee whenever it
4  determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief
5  may be granted; or (iii) seeks monetary relief against a defendant who is immune from such
6  relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[1]

7  The Court questions whether Mr. Wescott qualifies for IFP status, in view of allegations in
8  his complaint indicating that this action concerns "Capital Ideas, WLL," which is identified as Mr.
9  Wescott's "limited liability company, the party that is in contract with Epix Minerals . . . and
10 many other clients to raise equity or debt capital for them" and is "in the business of making
11 investor introductions that result in closed investment deals." Dkt. No. 1 ¶ 3.[2] Nevertheless,
12 based on the information Mr. Wescott presents, under penalty of perjury, in his IFP application,
13 the Court provisionally grants his application to proceed IFP.[3] However, for the reasons discussed
14 below, the Court finds that Mr. Wescott's complaint is deficient and does not state a plausible
15 claim for relief.

## II.  REVIEW OF COMPLAINT

While pro se pleadings are liberally construed, a complaint should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). A complaint must include facts that are "more than labels and conclusions, and formulaic recitation

---

[1] "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

[2] Additionally, to the extent Mr. Wescott's complaint indicates that Capital Ideas is a "party" whose interests he seeks to represent in this lawsuit, the Court notes that corporations may not proceed in litigation without counsel. *See* Civil L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *In re Highley*, 459 F.2d 554, 555 (9th Cir.1972) ("A corporation can appear in a court proceeding only through an attorney at law.").

[3] As acknowledged by Mr. Wescott in signing his IFP application, "a false statement [in his application] may result in the dismissal of [his] claims." Dkt. No. 2 at 4.

2

of the elements of a cause of action will not do." *Id.* at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Only plausible claims for relief will survive a motion to dismiss.  *Id*. at 679.  A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id*.

In Mr. Wescott's earlier-filed case, he sought "declaratory relief to get his [G]mail accounts back after they were taken over by criminals," and claimed that he "has had to sign up for so many [Gmail accounts] due to the activities of a criminal-gang, the Bob Block criminal gang, that stole many of his cell phones, SIM-hacked him, and took over email accounts, shutting [Mr. Wescott] out," and "shut him out of his laptops as well," leaving Mr. Wescott "unable to recover his [G]mail accounts."  *See* Case No. 5:23-cv-06178-VKD, Dkt. No. 1 at 1; *see also id*. ¶¶ 8-9.  The Court found that Mr. Wescott's complaint "fail[ed] to sufficiently identify a basis for the Court's jurisdiction, and also fails to state a claim for relief."  *See id*., Dkt. No. 4 at 1.  In particular, the Court noted that Mr. Wescott's complaint did not provide a basis for either federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332.  Additionally, the Court found that the complaint "assert[ed] no facts and identifie[d] no claims establishing that Google is liable for the injuries Mr. Wescott claims to have suffered, or that he is entitled to relief against Google."  *Id*. at 3.

In his complaint filed in the present action,[4] Mr. Wescott asserts federal diversity jurisdiction, 28 U.S.C. § 1332, and claims that he has suffered hundreds of thousands of dollars in damages due to lost "emails, including [G]mail accounts that were 'hijacked'" by "Mr. Block and the Bob Block Criminal Gang."  *See, e.g.*, Dkt. No. 1 ¶¶ 15, 32, 33, 38, 62.  Mr. Wescott alleges that he "lost two dozen laptops+ that Mr. Block stole," as well as "over forty (40) highjacked [G]mail accounts to Mr. Block and the Bob Block Criminal Gang."  *Id*. ¶¶ 67, 69.

The complaint further alleges that "[b]ecause the Block Criminal Gang shut him out of

---

[4] As noted in the Court's order consolidating these cases (Dkt. No. 6), Mr. Wescott's more recent complaint appears to be his intended amended complaint that should have been filed in the earlier case, No. 5:23-cv-06178-VKD *Wescott v. Google, Inc.*

many of his laptops as well, [Mr. Wescott] has been unable to recover his [G]mail accounts using the online recovery process." *Id.* ¶ 68; *see also id.* ¶ 74.  While Mr. Wescott states that he "has no issues with his [G]mail accounts themselves," he says that he has contacted Google by phone and in writing to "get their help in getting his accounts back," and that thus far "despite his many attempts to get back his [G]mail accounts with help from Google employees, [he] still does not have the [G]mail accounts back, that he is the rightful owner of." *Id.* ¶¶ 71-73, 75-77, 79.

Claiming that he has lost at least $200,000 in business opportunities, Mr. Wescott asserts a sole claim for negligence, which alleges that "Google had legal duties to [Mr. Wescott], as a customer of Google," and Google (through its employees) "shirked [its] duties" and was negligent "in not helping [Mr. Wescott] get his [G]mail accounts back." *Id.* ¶¶ 33, 86-94, 102-109.  He seeks an order requiring Google to return his accounts to him; damages; "reasonable compensation for the value of his time in representing himself while he cannot afford an attorney (*quantum meruit*); "reasonable future attorney's and paralegal fees and costs," and "other and further relief as this Court deems just and proper." *Id.* ¶¶ 100-101; *see also id.* at 16.

"'The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury.'" *Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1033 (9th Cir. 2019) (quoting *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998)).  Although Mr. Wescott refers to Google's "legal duties" to him "as a customer," he does not identify or describe any such duties. Mr. Wescott may not rely on conclusory statements that Google breached unspecified duties owed to him.  Rather, he must allege facts plausibly showing the existence of a duty and breach of that duty.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Furthermore, Mr. Wescott must allege facts plausibly showing that the breach of duty caused the damage he claims.

While the Court questions whether he will be able to state a claim for negligence, Mr. Wescott is given another opportunity to amend his complaint to correct the defects identified in this order.  If Mr. Wescott chooses to file an amended complaint, he has until **March 15, 2024** to do so.  Additionally, as noted above, his amended pleading must be titled "Second Amended

4

Complaint" and must be filed only in the lead case, Case No. 5:23-cv-06178-VKD.  If Mr. Wescott does not file a Second Amended Complaint by the ordered deadline, or if he cannot cure the identified deficiencies, the Court will recommend termination and dismissal of the complaint in whole or in part.

Mr. Wescott is reminded that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to self-represented litigants in federal cases.  Information regarding the Program can be found at https://cand.uscourts.gov/pro-se-litigants/the-federal-pro-se-program-at-the-san-jose-courthouse/.  Appointments may be scheduled by calling 408-297-1480.

**IT IS SO ORDERED.**

Dated: February 22, 2024

Virginia K. DeMarchi
United States Magistrate Judge